# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH KRAMEK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 6:26-cv-03005-MDH** |
| | ) | |
| HOLLISTER R-V SCHOOL DISTRICT, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant Hollister R-V School District's ("Hollister") Motion to Dismiss Case. (Doc. 26). The Defendant filed Suggestions in Support (Doc. 27), Plaintiff Joseph Kramek filed Suggestions in Opposition (Doc. 29) and Defendant filed a reply. (Doc. 31). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss Case is **DENIED**.

## BACKGROUND

This case arises out of Plaintiff being removed from a varsity girls basketball tournament and being banned from attending any athletic events and school properties from the Hollister R-V School District. Plaintiff Joseph Kramek is a resident of Missouri and the parent of a minor student-athlete in the Hollister R-V School District. Defendant Hollister R-V School District is a Missouri public school district.

On January 7, Plaintiff attended a Missouri State High School Activates Association ("MSHSAA") sanctioned girls varsity basketball tournament at Sparta High School. Plaintiff alleges that during the event, Mr. Cavener, the principal of Blue Eye High School, aggressively

confronted and intimidated Plaintiff in front of minor children and other spectators. Plaintiff alleges he was subjected to harassment and forced removal from the public event without lawful justification or due process. Plaintiff alleges that Defendant imposed an indefinite ban on Plaintiff's attendance at all athletic events and school properties. Plaintiff alleges that Defendant threatened Plaintiff with criminal trespass enforcement if he attempted to attend future events.

Plaintiff brings his First Amended Complaint ("Complaint") alleging five counts: Count I - 42 U.S.C. § 1983 - First Amendment Retaliation; Count II - 42 U.S.C. § 1983 - First Amendment (Viewpoint Discrimination); Count III - 42 U.S.C. § 1983 - Fourteenth Amendment (Procedural Due Process); Count IV - 42 U.S.C. § 1983 - Municipal Liability (*Monell*); and Count V - Declaratory and Injunctive Relief. The Defendant seeks dismissal of Plaintiff's Complaint arguing that Plaintiff has failed to comply with the Court's April 28, 2026 Order granting Plaintiff's Motion for Leave to File his First Amended Complaint within seven days of the Order.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

The Defendant argues that on April 28, 2026 the Court entered an Order granting Plaintiff leave to file his first amended complaint within "seven (7) days of the date of this Order." (Doc. 24). The Defendant states that Plaintiff filed his first amended complaint on May 11, 2026, thirteen days after the date of the Court's April 28, 2026 Order. (Doc. 25). The Defendant asserts that pursuant to Local Rule 15.1(b) Plaintiff's filing is late and asks the Court to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Plaintiff argues that he submitted the proposed amended complaint contemporaneously with his Motion for Leave on March 30, 2026, providing full notice of the proposed amended allegations to both the Court and the Defendant. Plaintiff states that he reasonably believed that the proposed amended pleading filed through CM/ECF satisfies the Court's subsequent Order granting leave to amend. Plaintiff asserts that once clarification was obtained from Court staff, Plaintiff immediately corrected the procedural issue without delay. Thus, Plaintiff argues that he acted in good faith, promptly corrected the procedural issues, that Defendant has suffered no prejudice and that Federal Rule of Civil procedure 15 favors resolution on the merits.

The United States District Court for the Western District of Missouri Local Rule 15.1 governs motions to amend and for leave to file. It states that "[i]f the Court grants the motion [for leave to file], the moving party must file and serve the pleading within 7 days after the Court grants the motion, or as the Court otherwise directs." Local Rule 15.1(b). Federal Rule of Civil Procedure 41 governs the dismissal of actions and states in relevant part:

3

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court finds that dismissal of Plaintiff's Complaint at this time would be against what justice requires. The Defendant is correct that Plaintiff was given seven days from April 28, 2026 to file his first amended complaint and failed to do so until May 11, 2026. (Docs. 24 and 25). However, taking into consideration Plaintiff's *pro se* status, as well as the importance of resolving the Complaint on the merits, the Court finds dismissal is improper at this stage of the litigation. While Plaintiff's compliance was not timely, the proposed amended complaint put the Defendant on notice and a procedural failing by six days from a *pro se* Plaintiff does not warrant dismissal of a Complaint in its entirety. For the reasons stated, Defendant's Motion to Dismiss Case is hereby **DENIED**.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Case is **DENIED**.

**IT IS SO ORDERED.**

DATED:  June 25, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4